[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15324
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00010-SPC-CM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED W. LENZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 24, 2015)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Alfred W. Lenz appeals the district court's decision to impose a total

sentence of 57 months after he pled guilty to three counts of wire fraud in violation

of 18 U.S.C. § 1343. Mr. Lenz challenges the district court's decision not to reduce his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and its denial of his request for a variance. He also argues that his sentence was substantively unreasonable. For the reasons which follow, we affirm.

## I

We assume the parties are familiar with the background of this case. Thus, we summarize the facts and proceedings only insofar as necessary to provide context for our decision.

A grand jury indicted Mr. Lenz on three counts of wire fraud. *See* 18 U.S.C. § 1343. After Mr. Lenz pled guilty, and prior to sentencing, a probation officer prepared a presentence investigation report which stated that, from 2007 to 2010, Mr. Lenz engaged in 87 fraudulent check transactions by depositing checks from his employer into the account of a company he controlled. He used the $2,380,465.11 gained from this illegal activity to buy a home in Michigan and otherwise fund his lifestyle.[1]

At sentencing, the district court considered Mr. Lenz's role as a father and husband. It also took into account that Mr. Lenz was a decorated Army combat veteran who suffered from health problems. It weighed those factors against how Mr. Lenz had abused the trust of his employer and affected the lives of his

---

[1] The indictment included a forfeiture count for the Michigan home and the proceeds of the fraud.

coworkers, and sentenced him to 57 months of imprisonment, the low end of the advisory sentencing range of 57 to 71 months. The district court also ordered the forfeiture of $2,380,465.11— the proceeds of the fraud—and the Michigan home.

In sentencing Mr. Lenz, the district court ruled that he did not merit an acceptance of responsibility reduction under § 3 E1.1.  It also denied Mr. Lenz's request for a variance.

## II

Mr. Lenz argues that he accepted responsibility for his offenses and therefore merited a reduction in his sentence.  A district court's evaluation of a defendant's assessment of responsibility under § 3E1.1 is entitled to great deference, and we review it only for clear error.  *See United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005).  A district court's determination that a defendant is not entitled to a § 3E1.1 adjustment therefore will not be set aside "unless the facts in the record clearly establish that the defendant has accepted responsibility." *Id.* at 1022–23.

The district court found that the amount of assets Mr. Lenz was willing to surrender to the government —$290,000—paled in comparison to the amount he had stolen.  The district court emphasized that Mr. Lenz lacked sincerity, as he did not do everything possible to make his victims whole.  As the district court saw things, Mr. Lenz used the $290,000 as a "bargaining chip" to keep his wife's

3

interest in their Michigan home, and that did not constitute good faith or amount to an acceptance of responsibility for his wrongdoing. Although Mr. Lenz cooperated with the authorities to some extent, the district court did not clearly err in denying him an acceptance of responsibility adjustment. *See United States v. Paslay*, 971 F.2d 667, 675 (11th Cir. 1992).

Mr. Lenz also argues that the district court erred in denying his request for a downward variance, thereby rendering his total 57-month sentence substantively unreasonable. We review the "'substantive reasonableness of the sentence imposed under an abuse of discretion standard,' based on the 'totality of the circumstances.'" *United States v. Beckles*, 565 F.3d 832, 845 (11th Cir. 2009) (quoting *United States v. Pugh*, 515 F.3d 1179, 1190–91 (11th Cir. 2008)). We will reverse only when "left with definite and firm conviction that the district court committed clear error of judgment in weighing the factors in 18 U.S.C. § 3553(a) by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Flanders*, 752 F.3d 1317, 1339 (11th Cir. 2014). As the party challenging the sentence, Mr. Lenz bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court did not abuse its discretion by failing to consider factors that Mr. Lenz believed were due more significant weight, giving an improper or

irrelevant factor significant weight, or committing a clear error of judgment in balancing the proper factors. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010). Instead, the court looked to the manner in which Mr. Lenz was trusted by his company and how he "severely abused that trust" during a period that spanned four years and involved 87 checks, seven wire transactions, and hundreds of transfers. The total sentence, falling at the bottom of the advisory guidelines range for a fraud scheme resulting in over $2 million in stolen funds, was objectively reasonable.

### III

We affirm the district court's 57-month sentence for Mr. Lenz.

**AFFIRMED.**

5